### In re ESTATE OF Esther Paul STEINER Deceased.

### Reva Paul EPSTEIN, Objector/Appellant,

### v.

### Ruth ROCHMAN, Personal Representative of the Estate of Esther Paul Steiner, Deceased, et al., Respondents/Appellees.

. No. 52877.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 27, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 1, 1989.

Application to Transfer Denied March 14, 1989.

---

1. A transcript of the closing argument was at-tached to the Motion for New Trial.

Mark P. Weinberg, St. Louis, for objector/appellant.

Hiram W. Watkins, A. Michael Sullivan, Clayton, for respondents/appellees.

## PER CURIAM.

This is an appeal from the trial court's judgment concerning numerous matters in this probate estate. Among other things, appellant Reva Paul Epstein's request to remove the personal representative was denied, as was her attempt to void a sale of personal property.

The trial judge heard testimony for eight days. After receiving memorandum from the parties, the judge filed nine pages of detailed findings of fact and conclusions of law. The judgment of the trial court is supported by substantial evidence, is not against the weight of the evidence, and no error of law appears. A detailed opinion would have no precedential value. The judgment is affirmed in accordance with Rule 84.16(b).

In this court, the respondent filed a motion for damages for a frivolous appeal under Rule 84.19. The purpose of Rule 84.19 is to prevent congestion of appellate dockets with unmeritorious cases and to compensate respondents for the delay and expense of responding to a futile appeal. *Andrews v. Andrews*, 673 S.W.2d 495, 500 (Mo.App.W.D.1984).

Here, the points raised on appeal relate to matters within the discretion of a trial judge. A reading of the transcript clearly reveals that there was no abuse of discretion.

It is apparent from the record that throughout this litigation, the appellant has consistently abused the judicial process as a means of expressing her antagonism towards respondent. The decedent's estate was opened in 1977 with assets of approximately $196,000. The trial judge noted in his findings of fact that the estate files comprise "a full drawer in a lateral storage filing cabinet." He also observed that there was a "paucity of evidence" to support appellant's claims and "the evidence duplicates that previously presented" to the judge of the probate division. He concluded "that the judicial process has been badly abused," and that "the post 1984 litigation is frivolous and in bad faith." We agree, and respondent's motion for the assessment of damages is sustained and award respondent $7,500.

At oral argument, respondent's counsel represented that he had spent 154 hours in connection with this appeal. He acknowledged that this was an inordinate amount of time. However, he pointed out that (1) the transcript is in excess of 1,000 pages, (2) the legal file contains almost 800 pages, and (3) appellant's brief is 90 pages in length.

Accepting counsel's time representation to be true and assigning only an hourly rate of $75, an award of $11,550 would be justified. We mention this figure only to show that our assessment of $7,500 in damages is modest.

The judgment of the trial court is affirmed. Pursuant to Rule 84.19, we assess damages against appellant and in favor of respondent for $7,500.