Leonard **EMERY, Jr.**, Patrick **Emery**, Wanda **Dixon**, Lucille **Mays**, Virginia **Haile**, Ralph **Garrison**, Ron **Garrison**, and Thomas **Garrison**, Appellants,

v.

Ernest Michael **EMERY**, Individually, as Successor Trustee of Trust created by Leonard Emery, Sr., and as Personal Representative of the Estate of Leonard Emery, Sr., and Wilma June Emery, Respondents.

No. 17795.

Missouri Court of Appeals,
Southern District,
Division Two.

June 26, 1992.

Motion to Reconsider and for Rehearing Denied July 14, 1992.

Timothy E. Gammon, Hulston, Jones, Gammon & Marsh, Springfield, for appellants.

Devon F. Sherwood, Sherwood, Honecker & Bender, Springfield, for respondents.

## PER CURIAM.

Appellants are children of Leonard Emery, Sr., (decedent) and other relatives who brought suit against another child of decedent and that child's wife. The five-count petition alleged, in part, decedent lacked testamentary capacity and was unduly influenced by Respondents to change his will and trust and to make two certificates of deposit payable to Respondents. Appellants alleged other wrongdoings by Respondents and requested various forms of relief in the trial court not pertinent here. The case was tried before the court on March 27 and 28, 1991. Judgment was rendered June 17, 1991, in favor of Respondents.

■ Before reaching the merits, we address Respondents' complaint that Appellants' seven points of error fail to comply with Rule 84.04(d).[1] That rule requires "[t]he points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder." The rule further provides, "[s]etting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule." Agreeing with the Respondents' position as to the first six points, we quote those points as presented in Appellants' brief:

### POINT I.

The court erred in finding for the defendants in that the greater weight of the evidence showed Leonard Emery, Sr. lacked testamentary capacity and/or would not have made changes without undue influence, and the court should have entered judgment for petitioners.

### POINT II.

The court erred in granting judgment for defendants because the overwhelming weight of the evidence and testimony showed petitioners' testimony was credible and defendants' was not. The court should have totally credited the testimony of petitioners and their witness, Dr. Scanlon, and discredited the testimony of respondents because of the inconsistencies and omissions in the testimony of respondents.

### POINT III.

The court erroneously applied the law of Missouri to the instant facts and should have concluded that Leonard Emery Sr. lacked mental capacity in May 1988 to change the will and trusts and in the summer of 1988 to change the beneficiaries on the C.D.s.

### POINT IV.

The court erroneously applied the law of Missouri to the instant facts and should have concluded that Leonard Emery, Sr. was unduly influenced in May 1988 to change the will and trusts and in the summer of 1988 to change the beneficiaries on the C.D.s.

### POINT V.

The court erred in applying the Missouri law on trust amendments and in failing to conclude that the amendment of the trust was improper and thus void.

### POINT VI.

The court failed to apply Missouri law to the instant facts which should have resulted in a holding that there had been a breach of duty by the trustee.

Aside from other deficiencies, Points I and II violate Rule 84.04(d) because Appellants cite no authorities under either point. "If the point is one for which precedent is appropriate and available, it is the obligation of appellant to cite it if he expects to prevail." *Thummel v. King,* 570 S.W.2d 679, 687 (Mo. banc 1978). If precedent is believed to be unavailable, "counsel would

---

**1.** Rule references are to Missouri Rules of Court (1992) unless otherwise indicated.

be well advised to specifically so state under the point in question, explaining why citations are unavailable." *Id.* Clearly, Appellants are not hampered by lack of authority, and no explanation is offered for failure to cite authority. Under these circumstances Appellants' points are deemed abandoned. *Ortmeyer v. Bruemmer,* 680 S.W.2d 384, 396 (Mo.App.1984); *Schnatzmeyer v. Nat'l Life Ins. Co.,* 791 S.W.2d 815, 822 (Mo.App.1990); *Reason v. Payne,* 793 S.W.2d 471, 478 (Mo.App.1990).

■ Turning to Points III through VI, we observe only abstract statements in each point without showing how they relate to any action or ruling by the trial court. None of the points inform us *wherein* the trial court erred. One of the reasons for Rule 84.04(d) is to inform the Court and opposing counsel of the issues which appellant desires to present for resolution. *Thummel v. King,* 570 S.W.2d at 686. "The three components of a point relied on are (1) a concise statement of the challenged ruling of the trial court, (2) the rule of law which the court should have applied, and (3) the evidentiary basis upon which the asserted rule is applicable." *Hoffman v. Koehler,* 757 S.W.2d 289, 292 (Mo.App. 1988). "The requirements of Rule 84.04(d) are mandatory. Merely stating in a brief on appeal what the alleged errors are, without stating why they are errors, does not satisfy Rule 84.04(d) nor does it preserve the question for review." *Id.* (citations omitted).

When a party fails in his duty by filing briefs which are not in conformity with the rule and do not sufficiently advise the Court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding the case on the basis of inadequate briefing and advocacy or undertaking the role of advocate on behalf of the party who has failed to comply with the rules. Not only would this be inherently unfair to the other party on appeal, but it is also unfair to parties in other cases awaiting disposition because it takes from them appellate time and resources which should be de-

voted to expeditious resolution of their appeals.

*Roden v. Tofle,* 779 S.W.2d 290, 293 (Mo. App.1989).

Because Points I and II are abandoned and Points III through VI preserve nothing for review, we decline to consider those points. Having made that decision, we determine not to sustain Respondents' Motion to Dismiss Appeal because Appellants' Point VII properly raises an issue for our resolution.

■ Point VII claims the trial court erred by refusing to make findings of fact and conclusions of law requested by Appellants on May 10, 1991, when the Judgment was entered June 17, 1991. As earlier noted, the case was tried March 27 and 28, 1991.

Rule 73.01(a)(2) provides, in part:

If any party so requests before final submission of the case, the court shall dictate to the court reporter, or prepare and file, a brief opinion containing a statement of the grounds for its decision and the method of determining any damages awarded; and may, or if requested by counsel, shall, include its findings on such controverted fact issues as have been specified by counsel.

At the conclusion of the trial, the court allowed the parties until April 15, 1991, to file briefs. The docket sheet reflects both parties filed their briefs on that date. On May 10, 1991, Appellants requested the trial court to make "specific findings of fact and conclusions of law," and further stated "specific grounds for decision should be made and provided as a part of any judgment in this case." Appellants noted their request was made pursuant to Rule 73.01(a)(2), yet they specified no controverted fact issues upon which findings were requested. In short, Appellants' request was couched in non-specific terms.

Rule 73.01(a)(2) requires the request be made "before final submission of the case." When final submission occurs under Rule 73.01 was squarely answered by *Lopez v. Vance,* 509 S.W.2d 197 (Mo.App.1974). "The submission is final when the evidence

and arguments are finished and the court takes the case, whether it is taken for immediate decision or merely under advisement preliminary to the rendition of a decision." *Id.* at 204. See *Small v. Small,* 706 S.W.2d 294, 295 (Mo.App.1986); *McNeill v. McNeill,* 456 S.W.2d 800, 808 (Mo.App. 1970).

Here, the evidence and arguments were finished by April 15, 1991, when the parties filed their briefs. Afterwards, the Court took the case under advisement preliminary to rendition of its Judgment on June 17, 1991. Clearly, Appellants' request came after final submission of the case. Therefore, no error can be assigned to the trial court's failure to honor Appellants' request. On that basis alone, Point VII has no merit, and we have no reason to discuss the effect of Appellants' failure to specify the controverted fact issues for inclusion in the findings of the Court.

■ One final matter must be addressed in this opinion. Respondents have filed a motion for damages under Rule 84.19 which allows the Court to award Respondents damages if we determine an appeal is frivolous. In support of this motion, Respondents rely on *In re Estate of Steiner,* 765 S.W.2d 312 (Mo.App.1988), where the Court said, "[i]t is apparent from the record that throughout this litigation, the appellant has consistently abused the judicial process as a means of expressing her antagonism towards respondent." *Id.* at 313. The record in this case does not convince us Appellants have abused the judicial process throughout the litigation. Our decision on Appellants' inadequate brief, without more, does not render an appeal frivolous, but, "such a brief considered together with the record may reflect that no 'fairly debatable' issue exists to justify an appeal." *Jensen v. Jensen,* 670 S.W.2d 16, 19 (Mo.App.1984). Because the record in the instant case indicates fairly debatable issues exist we deny Respondents' motion.

Judgment affirmed.