Deborah Ann HOEFER, Respondent,

v.

Alfred Henry Jackson HOEFER,
Appellant,

Dennis B. Bosch, Guardian Ad Litem.

Deborah Ann HOEFER, Appellant,

v.

Alfred Henry Jackson HOEFER,
Respondent.

Nos. WD 46848, WD 47255.

Missouri Court of Appeals,
Western District.

Decided Aug. 24, 1993.

Steve D. Burmeister, Independence, for appellant.

Julie D. Cooper, North Kansas City, for respondent.

Before ULRICH, P.J., and BERREY and SMART, JJ.

SMART, Judge.

This case involves an appeal from the trial court's denial of a motion to modify child custody and support. Alfred Hoefer appeals from the trial court's order allowing Deborah Hoefer to retain custody of their two minor

children and awarding child support in the amount of $518.00 per month. Deborah Hoefer cross-appeals from the trial court's order denying her request for attorney's fees on appeal.

Judgment is affirmed.

The marriage of Alfred Hoefer ("Husband") and Deborah Hoefer ("Wife") was dissolved on April 13, 1988. Pursuant to the dissolution decree, Wife was awarded sole custody of the two minor children, Nicholas and Colby, and Husband was awarded visitation rights. Wife experienced personal health problems during the period of her divorce, which continued for several months thereafter. She twice had surgery for cervical cancer during this period. During her illness and recovery, Wife allowed the children to live with their father in Higginsville, Missouri. The boys resided with their father for approximately three years. During this period, Wife never relinquished her custodial rights to Husband, and Husband did not object to the arrangement. After Wife had fully recovered from her bout with cancer, she decided to allow the children to remain with their father because they seemed to be happy and healthy in that environment.

During their stay with their father, the boys experienced some medical problems. In July of 1991, Colby, the youngest child, had a urinary tract infection which ultimately required surgery. The oldest son, Nicholas, was suffering from claustrophobia which required counseling. Husband failed to seek satisfactory treatment for the children's ailments. Additionally, evidence presented at trial showed the children lived in unsanitary conditions. As a result of these developments, Wife concluded that Husband was unable to properly care for the children and, on August 10, 1991, she decided to retain the children in her custody during a scheduled visitation, intending to maintain sole physical custody from that point forward.

On March 8, 1991, Husband filed a motion to modify the decree of dissolution as to child custody and support. Wife's response requested that the court deny Husband's motion and also requested that the court permit her and the children to reside in Johnson County, Kansas (which is adjacent to Jackson County, Missouri). On December 3, 1991, the trial court ordered the appointment of a Guardian Ad Litem, David Bosch. Mr. Bosch testified at trial that Husband told Mr. Bosch that he had no intention of cooperating with him or paying any part of his fee, regardless of what the court ordered. Mr. Bosch recommended that the children remain in their mother's custody. On April 7, 1992, after dismissing two attorneys, Husband proceeded *pro se* and filed a motion to modify child support, a motion for hearing on allegations of contempt alleging parental kidnapping, and a request for a mental and physical examination.

A hearing was held on Husband's motions on June 29 and July 1, 1992. On August 14, 1992, the trial court denied all of Husband's motions, allowed Wife to retain legal custody of the children, granted Wife permission to remove the minor children to Johnson County, Kansas, and ordered Husband to pay $518.00 a month in child support. Both children have resided with their mother in Olathe in Johnson County, Kansas, for about two years and seem to be happy, healthy and well-adjusted. On September 28, 1992, Wife filed a motion for attorney's fees on appeal which was denied by the trial court on November 17, 1992. Husband and Wife both appeal the trial court's order. Wife further requests this court to award her reasonable attorney's fees for costs incurred on appeal.

## Sufficiency of the Evidence

Husband's first point on appeal is that the trial court erred in its determination that legal custody of the minor children should remain with Wife because the decision was against the weight of the evidence. Husband contends that the children were well cared for and happy in his physical custody and that it was in their best interests to remain with him.

■ An appellate court must affirm the judgment of the trial court unless the judgment is clearly against the weight of the evidence or the judgment erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). This court will not disturb the trial court's custody

award unless it finds it to be manifestly erroneous. *Ibrahim v. Ibrahim*, 825 S.W.2d 391, 397 (Mo.App.1992). The key focus in child custody disputes is determining what is in the best interest of the children. *Id.* Section 452.410, RSMo Supp.1992 sets forth the guidelines for modification of a divorce decree and provides:

> [T]he court shall not modify a prior custody decree unless it has jurisdiction under the provisions of section 452.450 and it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child....

After child custody has been adjudicated in a dissolution of marriage proceeding, the custodian of the children is presumed suitable and the party seeking to change the custody has the burden of showing a substantial change of conditions mandating the requested change to further the best interests of the child. *In re Marriage of Harris*, 734 S.W.2d 304, 305 (Mo.App.1987). Furthermore, an appellate court defers to the trial court for determination of witness credibility issues. *Behnke v. Behnke*, 829 S.W.2d 45, 46 (Mo. App.1992).

■ In the original dissolution of marriage proceeding, the trial court awarded custody of the minor children to Wife. During the time of the proceeding and for some time thereafter, Wife suffered from cervical cancer and underwent two surgeries to eliminate the cancer. Husband agreed to take responsibility for the children during Wife's illness and the children were in his custody while Wife recovered from her cancer surgery. After Wife felt she could aptly care for the children again, she decided it was in the children's best interest at that time to stay in the custody of their father. According to

Wife's testimony, she was concerned about uprooting the boys from their school and their friends and it appeared at that time that Husband was taking good care of the boys. However, Wife began discovering that the boys were experiencing some health problems and she did not believe that Husband was providing the proper medical treatment for the boys. She also determined that the sanitary conditions in which the boys were living had deteriorated substantially. Thus, Wife decided to retain the custody of the boys after one of their visits with her. Husband then decided to file a motion to modify the custody and support of the children.

The trial court ruled that it was in the best interests of the children to remain in the custody of their mother. Husband contends that there was a change in circumstances in accordance with § 452.411, RSMo Supp.1992 when Wife moved from the State of Missouri to the State of Kansas. Section 452.411 provides: "If either parent of a child changes his residence to another state, such change of residence of the parent shall be deemed a change of circumstances under section 452.-410 *allowing* the court to modify a prior custody decree." (emphasis added). Wife did move out of the State of Missouri to the State of Kansas. After Husband filed his motion to modify, Wife sought permission from the court to remain in Kansas. The trial court granted Wife's request.

Although a change of circumstances has been shown by Husband, the trial court found it was in the best interests of the children that they remain in their mother's physical custody. Under § 452.411, the trial judge has discretion in ruling on a modification of custody request, even if changed circumstances are shown. Wife never relinquished legal custody of her children during the period which they resided with their father.[1] Wife also remained in constant con-

---

1. Husband attempted to offer a "proposal" into evidence which would allegedly have shown that Wife agreed to relinquish custody of the children to Husband. Counsel for Wife objected to Husband's attempt to admit the offer of settlement into evidence. The trial judge sustained the objection. Husband failed to make a proper offer of proof and also failed to raise this as a point of error on appeal. He merely mentions it in his first point. Thus, his allegation of error is not cognizable here. *See State ex rel. Missouri Highway and Transp. Comm. v. Vitt*, 785 S.W.2d 708, 711 (Mo.App.1990); *Brazell v. St. Louis Southwestern Ry. Co.*, 632 S.W.2d 277, 284 (Mo.App. 1982).

tact with her children. She spent every other weekend with the boys and talked with them on the telephone several times each week. Sufficient evidence was presented at trial to support the trial court's decision. Thus, the trial court did not err in denying Husband's motion to modify child custody. Point I is denied.

### Award of Child Support

■ Next, Husband contends that the trial court erred in its determination of child support to be paid by Husband to Wife because the trial judge failed to follow statutory guidelines. Husband contends that the trial court failed to require both parties to supply a Form 14 to calculate the amount of monthly support, or in the alternative, failed to articulate reasons for deviating from these guidelines resulting in legally and factually improper amounts.

Husband alleges that neither he nor Wife submitted a Form 14 to the trial court, and that therefore the trial court's calculation of child support was erroneous. However, Husband is misguided in his contention. Wife did submit a Form 14 to the trial court. Husband did not submit his own Form 14. During the course of the trial, confusion arose over Husband's income.[2] As a result of the confusion, the trial court calculated its own Form 14 based upon the evidence.

Wife argues that Husband may not challenge the trial court's determination of child support since he did not submit a Form 14. Wife is correct in her contention. In addressing this same issue, the court in *Ibrahim v. Ibrahim*, 825 S.W.2d 391, 398 (Mo. App.1992), stated the following:

> On appeal, a party who wishes to challenge the child support award on the basis that it does not conform to the requirements of Rule 88.01 may include in the legal file copies of Civil Procedure Form No. 14 that were before the trial court. Husband did not do this. He has not shown that he submitted a completed Civil Procedure

Form No. 14 to the trial court. This is akin to pursuing a different theory for recovery on appeal than was pursued at trial. As such, "this Court will not, on review, convict a lower court of error on an issue which was not put before it...."

(citing *Lincoln Credit Co. v. Peach*, 636 S.W.2d 31, 36 (Mo. banc 1982)). Thus, Husband may not attack the trial court's calculation of child support on appeal. Point II is denied.

### Motions for Attorney's Fees and for Damages for Frivolous Appeal

In Wife's cross appeal, she argues that the trial court abused it's discretion when it denied Wife's motion for attorney's fees without a hearing in light of Husband's frivolous appeal and Wife's unemployment. On September 28, 1992, Wife filed a motion with the trial court for attorney's fees on appeal. On November 17, 1992, the trial judge denied Wife's motion. Wife also makes an independent motion to this court under Rule 84.19 for the award of attorney's fees for a frivolous appeal.

■ First, we consider whether the trial court erred in denying Wife's request for attorney's fees on appeal. A trial judge is considered an expert on the reasonableness of attorney's fees and his or her decision on whether to award fees will not be disturbed unless an abuse of discretion is found. *Flach v. Flach*, 645 S.W.2d 718, 722 (Mo.App.1982). Wife claims the trial court abused its discretion because its decision was in conflict with § 452.355, RSMo Supp.1992 which states:

> In any proceeding in which the nonpayment of child support is an issue under the provisions of a temporary or permanent court order or decree, if the court finds that the obligor has failed, without good cause, to comply with such order or decree to pay the child support, the court shall order the obligor to pay a reasonable amount for the cost of the suit to the obligee, including sums for legal services.

---

**2.** Husband is a sole proprietor of a business. Apparently, income amounts reported on Husband's past income tax statements did not match amounts of income passing through his bank account. It seems that Husband had $33,000.00

that had been deposited into a savings account over the past three years which were unaccounted for on his income tax statements. Husband did not give any credible explanation for the discrepancy.

The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

However, since Husband's delinquent child support was not an issue in this proceeding, § 452.355 is not in point. Wife fails to instruct this court as to how the trial court has abused its discretion in denying her request for attorney's fees and we find no abuse of discretion from our review of the record. Point is denied.

Next, we address Wife's request to this court for attorney's fees under Rule 84.19 for the commencement of a frivolous appeal. The purpose of Rule 84.19 is to compensate parties who must respond to a futile appeal and to discourage nonmeritorious cases which congest the appellate court dockets. *In re Estate of Steiner*, 765 S.W.2d 312, 313 (Mo.App.1988). A "frivolous appeal" is defined as "one which presents no justiciable question and is so readily recognized as devoid of merit on the face of the record that there is little prospect that the appeal can succeed." *Andrews v. Andrews*, 673 S.W.2d 495, 500 (Mo.App.1984). Appellant must present issues that are "at least debatable." *Jensen v. Jensen*, 670 S.W.2d 16, 18 (Mo. App.1984). Husband's main contention of error on appeal is that sufficient evidence was not presented to support the trial court's judgment. In light of the facts of this case, Husband presented a "debatable issue" for appellate review. Accordingly, Wife's request to this court for attorney's fees is denied.

Judgment is affirmed.

All concur.