

# In the
# Missouri Court of Appeals
## Western District

WOLFGANG SHIELDS,

      **Respondent,**

v.

**MILDRED EPANTY (PREVIOUSLY SHIELDS),**

      **Appellant.**

WD79347

OPINION FILED:

NOVEMBER 8, 2016

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Patrick William Campbell, Judge**

**Before Division One: Anthony Rex Gabbert, P.J., Thomas H. Newton, and Alok Ahuja, JJ.**

Mildred Epanty (previously Shields) appeals the trial court's judgment of modification for a failure to properly apply the law and abusing its discretion in its judgment of modification. Epanty raises five issues on appeal. In her first point on appeal, Epanty asserts that the trial court erred in its modification because the parenting plan failed to include any holiday or vacation schedule for the minor children as required by statute. Next, Epanty argues that the modification failed to properly calculate child support because the court failed to take into account different and disparate overnight schedules, thereby failing to award appellant overnight credits. Next, Epanty contends that the judgment further failed to take into consideration the father's voluntary reduction in income when calculating monthly child support obligations of the parties. Epanty

further argues that the trial court erred in its child support award calculation by failing to take into account the fact that appellant pays the minor children's medical insurance in the Form 14 calculation. Lastly, Epanty asserts that the trial court erred in limiting her parenting time and separating the minor children as it was not in the best interests of the children and this modification was made against the weight of the evidence. We affirm in part and reverse in part.

**Factual and Procedural Background**

The parties were divorced on July 26, 2006. Two children were born of the marriage and are the subject of the order at issue, Malaika and Keenon Shields, ages fourteen and eleven respectively. Previous judgments entered by the divorce court provided for joint legal and physical custody as well as an alternating parenting time schedule. On May 22, 2014, Shields filed a motion to modify the parenting plan of the previous judgment of dissolution citing a substantial and continuing change in circumstances so as the make the terms of the previous judgment unreasonable.

The parties have a history of being unable to successfully co-parent and an unwillingness to share parenting time as set out by the parenting plans in previous judgments. For example, Shields admitted on the record at trial that he has, on more than one occasion picked up the children from school, even on days when appellant was scheduled to have the children.

Since the previous judgment was entered, Shields has experienced a dramatic decrease in income. Prior to the circuit court's modification, Shields was paying child support to Epanty. Shields asserted that he is no longer able to provide child support because his income from his business is now zero and he was subsequently forced to file for bankruptcy. Shields has been

2

sued by the government for failing to pay wage related taxes withheld from his employees. Shields asked that the court reduce the monthly child support payments to $436.08 per month.

At the conclusion of the trial, the circuit court judge found a substantial and continuing change in circumstance warranting a modification. On December 22, 2015, the court issued its judgment. The court ordered that joint legal custody be continued. The final judgment of modification included a new parenting schedule in which the daughter would spend more one-on-one time with Epanty and Epanty would have both children on the first weekend of the month. The judgment of modification entered by the trial court contained a completely revised parenting plan without reference to any prior parenting plans or custody judgments. Further, the parenting plan did not include a holiday or vacation schedule for the minor children. The trial court adopted Shields' proposed Form 14 child support calculation and child support payments were set at $872.00 to be paid by Epanty to Shields monthly. The record shows that Epanty did not provide the trial court with a proposed Form 14. The trial court imputed $4,305.00 as monthly income of Shields. Epanty was ordered to continue providing medical insurance for the minor children. Epanty appeals.

**Legal Discussion**

Our standard of review is set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Schollmeyer v. Schollmeyer*, 393 S.W.3d 120, 122 (Mo. App. 2013). We will affirm the circuit court's judgment unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 122-123. We view the evidence and all reasonable inferences in the light most favorable to the court's judgment. *Id.* at

3

123. The party challenging the judgment has the burden of proving error. *Beckham v. Beckham*, 41 S.W.3d 908, 911 (Mo. App. 2001).

**Point I**

In Epanty's first point on appeal, she contends that the circuit court erred in issuing the judgment of modification because the parenting plan did not include a holiday or vacation schedule as required by Section 452.375.9 RSMo.

Section 452. 375.9 RSMo. provides: "[a]ny judgment providing for custody shall include a specific written parenting plan setting forth the terms of such parenting plan arrangements specific in subsection 8 of section 452.310." *Simon-Harris v. Harris*, 138 S.W.3d 170 (Mo. App. 2004). To prevent repeated custody and visitation disputes, the trial court must adopt a complete and comprehensive parenting plan. *Id*. A parenting plain is not fully compliant with Section 452.375.9 if it does not contain all of the required arrangements as set out in Section 452.310.8 RSMo. *Id*. A proposed parenting plan shall include major holidays stating which holidays a party has each year, school holidays for school-age children, the child's birthday, Mother's Day, Father's Day, and vacations from school. Section 452.310.8(1) RSMo. Failure to provide such a schedule as part of the parenting plan requires remand for the trial court to prepare a parenting plan in compliance with these provisions. *Simon-Harris*, 138 S.W.3d 170.

The parenting plan as adopted by the trial court is not fully compliant with the controlling statutes because it does not include a holiday and vacation schedule concerning physical custody of the two minor children. We reverse and remand back to the trial court without a hearing to modify the parenting plan to include the holiday and vacation schedule as required by Section 452. 375.9 RSMo. Point one is granted.

4

**Point II**

Next, appellant asserts that the trial court erred in its calculation of child support in that the calculation failed to take into account the different and disparate overnight schedules and failed to award appellant proper overnight credits. We find no error. In reviewing an award of child support, we review the award in light of the trial court's application of the two-step procedure used to determine whether it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare of apply the law. *Conrad v. Conrad*, 76 S.W.3d 305, 308 (Mo. App. 2002). First, the presumed child support amount is established by a properly computed Missouri Form 14. *Percher v. Percher*, 398 S.W.3d 580, 588 (Mo. App. 2013). Second, the court must determine whether to rebut the presumed child support amount as being unjust or inappropriate. *Id*. "Rule 88.01 provides that there is a rebuttable presumption that the amount of presumed child support calculated pursuant to Form 14 is correct unless, after consideration of relevant factors, the amount is determined to be unjust or inappropriate." *Id*.

"Our review of an award of child support is essentially one of the trial court's application of the two-step procedure, applying the standard enunciated in *Murphy v. Carron*[.]" *Dodge v. Dodge*, 398 S.W.3d 49, 51 (Mo. App. 2013) (internal quotation and citation omitted). We review the award to insure that it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. *Id*. "If this standard is met, we then review the trial court's rebuttal review of its presumed child support determination for an abuse of discretion; a trial court abuses its discretion where the child support award is arbitrary, unreasonable, or against the logic of the circumstances." *Id*. When establishing the presumed child support amount, the court may accept a Form 14 offered by one of the parties or reject the Form 14 calculations of the parties and prepare its own. *Pecher*, 398 S.W.3d at 588. Here, the

5

trial court adopted Shields' Form 14 child support calculation in the judgment for modification. The adopted child support worksheet reflected monthly child support in the amount of $872.00 per month to be paid to Shields by Epanty. The trial court found this amount to be "just and appropriate and that this amount is in the best interests of the minor children."

Epanty contends that the trial court failed to award her overnight credits pursuant to 452.340 RSMo. and Rule 88.01. This argument fails because Epanty was awarded only twenty four overnight visits per year. The parent obligated to pay support is entitled to a portion of the amounts expended on the children by the way of a Line 11 adjustment only if that parent's overnight visitation exceeds at least thirty-six nights annually. To the extent Epanty was awarded only twenty-four overnights, the instructions to Line 11 provide that no adjustment for overnight visitation is appropriate. Because Epanty exercises only twenty-four overnight visits per year, the trial court's adjustment of 0.00 on Line 11 was reasonable, supported by substantial evidence and a correct application of the law. Point two is denied.

**Point III**

In her third point, Epanty argues similarly that the trial court erred in its child support calculation because the court failed to give Epanty credits for providing medical insurance for the minor children.

On appeal, a party who wishes to challenge the child support award on the basis that it does not conform to the requirements of Mo. R. Civ. P. 88.01 may include in the legal file copies of Civil Procedure Form No. 14 that were before the trial court. *Hoefer v. Hoefer*, 860 S.W.2d 376 (Mo. App. 1993). Where the party has not shown that he submitted a completed Civil Procedure Form No. 14 to the trial court, this is akin to pursuing a different theory for recovery

6

on appeal than was pursued at trial. *Id*. As such, the appellate court will not, on review, convict a lower court of error on an issue which was not put before it. *Id*.

The record shows that the trial court adopted Mr. Shields' proposed Form 14 as the appropriate presumed child support amount in its judgment of modification. This was done in accordance with Rule 88.01. The record as provided does not demonstrate that the appellant supplied the circuit court with her version of a Form 14 showing the credit for medical insurance coverage she alleges she is entitled. Appellant has failed to provide any evidence quantifying the cost of medical coverage for the minor children. Epanty argues that copies of her paystubs were introduced to the trial court as proof of the cost of providing medical insurance for the minor children. While her paystubs were introduced into evidence at trial, they were introduced by opposing counsel concerning a completely different issue, child support payment arrearages. There is no evidence from the record that the appellant intended, or even attempted, to put the court on notice of the paystubs for the purposes of the Form 14 calculation. The record as provided to this court shows that Epanty failed to supply the trial court with a proposed Form 14, and additionally failed to present the court with proof of the cost of providing medical insurance for the minor children. Because of this, Epanty's argument on appeal is akin to pursuing a separate theory on appeal than was pursued at trial. This court will not will not, on review, convict a lower court of error on an issue which was not put before it. Point three is denied.

**Point IV**

In her fourth point, Epanty claims that the trial court erred in its child support calculation by failing to take into account Shields' voluntarily reduced income. Epanty specifically argues that the substantial change in income is due to Shields' own illegal actions in failing to pay

7

business taxes and other various acts resulting in bankruptcy, and therefore, his reduction in income is voluntary.

In reviewing an award of child support, we review the award in light of the trial court's application of the two-step procedure used to determine whether it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare of apply the law. *Conrad v. Conrad*, 76 S.W.3d 305, 308 (Mo. App. 2002).

A change in financial condition from the voluntary dissipation of one's talents is not sufficient reasoning for modifying a child support award. *Moran v. Mason*, 236 S.W.3d 137 (Mo. App. 2007). Here, Shields' bankruptcy filing was at least in part, the result of his non-compliance with federal employee wage requirements. On April 7, 2016, Shields was found liable to former employees for the sum of $92,402.35 in back wages for uncompensated over-time hours.[1] However, there is no case law which establishes that filing for bankruptcy is a voluntary reduction in income barring the modification of a child support award. The record does not show that the trial court's modification of child support was unsupported by substantial evidence or that the court erroneously applied the law. Because we find no misapplication of the law or abuse of discretion, we defer to the trial court's findings and affirm. Point four is denied.

**Point V**

In her last point on appeal, Epanty contends that the trial court erred in its judgment of modification because the modified parenting plan was not in the best interests of the minor children. Specifically, appellant claims that changing the minor children's parenting time with

---

[1] *Perez v. Contingent Care, LLC*, 820 F.3d 288 (8th Cir. App. 2016).

8

Epanty and separating the two children is not in the best interests of the children and therefore, the parenting time judgment should be overturned.

In a judge-tried case, we will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We defer to the trial court's determinations of credibility and view the evidence and the inferences drawn therefrom in the light most favorable to the judgment. *Vinson v. Adams*, 192 S.W.3d 492, 494 (Mo. App. 2006). This court's overriding concern is to ensure that the best interests of the child are served. *Searcy v. Searcy*, 38 S.W.3d 462, 469 (Mo. App. 2001). The trial court has broad discretion in child custody matters, and we will affirm its decision unless we are firmly convinced that the welfare and best interests of the children requires otherwise. *Edmison ex rel. Edmison v. Clarke*, 988 S.W.2d 604, 608 (Mo. App. 1999). The appellate court will presume that the trial court considered all the evidence and made its custody award in the best interests of the child based on consideration of the relevant statutory factors, unless the record indicates otherwise.[2] *Id*.

Here, the trial court's judgment unambiguously sets out that the court considered the particular needs of each child in its modification. The judgment of modification specifically states, "the Court finds the daughter would benefit from more one-on-one time with the mother, and the son would benefit with more one-on-one time with the father." The trial court also noted that both parties submitted substantially different parenting plans which favored neither party, and instead adopted the Guardian Ad Litem's parenting plan suggestions and finds it to be in the

---

[2] Section 452.375 RSMo.

best interests of the minor children. Further, there is nothing on the record indicating that the trial court failed to consider the statutory factors in addition to the evidence. Additionally, there is nothing on the record demonstrating that the custody award is not in the best interests of the child. Because we are not firmly convinced that the best interests of the children require otherwise, we defer to trial court's decision. Point five is denied.

We conclude that: (1) The circuit court erred by failing to include a holiday and vacation schedule for the minor children in the judgment of modification as required by Section 452.375.9; (2) The trial court's child support calculation was not against the weight of the evidence in light of the appellant's overnight visits with the minor children; (3) That the trial court did not err by adopting a Form 14 which did not provide credits for the children's medical insurance coverage; (4) The trial court did not err in its judgment modifying Shields' child support obligations and (5) the parenting time award is in the best interests of the minor children and not against the weight of the evidence.

We affirm the circuit court's judgment in part, reverse in part, and remand for further proceedings consistent with this opinion.

_____
Anthony Rex Gabbert, Judge

All concur.

10