**Cassandra BODISHBAUGH, Appellant,**

v.

**Tod BODISHBAUGH, Respondent.**

**No. SD 31614.**

Missouri Court of Appeals,
Southern District,
Division One.

April 3, 2012.

Cassandra Bodishbaugh, pro se.

No brief filed for respondent.

DANIEL E. SCOTT, Judge.

Wife[1] appeals *pro se* from a judgment dissolving her marriage. Her failure to provide us with trial exhibits or a transcript precludes meaningful appellate review of Point II. She does not allege, nor can we discern, prejudice as to Point I. We affirm the judgment.

## Background

Wife was married to Husband for 16 years. She was granted custody of the couple's two children when the marriage was dissolved. The judgment also stated that (1) Husband would pay child support based on a Form 14 completed by the court and incorporated into the judgment; (2) the presumed child support amount was not unjust or inappropriate; and (3) Husband could claim the children as his dependents for income tax purposes.

Wife moved to amend the judgment. She disputed Husband's monthly income in the court's Form 14 and claimed error in allocating to Husband the dependent tax benefits. The court held a hearing, but did not alter the judgment in these respects.

Wife renews her complaints on appeal. We consider them in reverse order.

## Point II

■ Point II essentially asserts that Husband's income as listed in the court's Form 14 is not supported by substantial evidence or is against the weight of the evidence.[2]

As we have noted, no transcript or exhibits have been submitted to this court. The record reflects hearings held and evidence adduced (including both parties' income and expense forms) prior to entry of the judgment now challenged. Indeed, Wife's post-trial motion refers to exhibits received by the trial court, one of which cited the income figure now disputed by Wife. Without a transcript or the trial exhibits, we cannot evaluate Wife's claim of error.

■ An appellant has the duty to file the transcript and assure that the record on appeal includes all of the evidence necessary to determine all questions presented to the appellate court. *Cantwell v. Cantwell*, 315 S.W.3d 384, 386 (Mo.App. 2010). Failure to file a transcript leaves nothing for this court to review or decide. *Id.* Point II fails.

## Point I

■ Less dependent on the trial record is Point I, which we quote verbatim:

THE TRIAL COURT ERRED IN ASSIGNING THE TAX EXEMPTION RIGHTS FOR THE MINOR CHILDREN TO [HUSBAND], BECAUSE IT FAILED TO REBUT ASSUMPTION NUMBER 7 OF THE DIRECTIONS, COMMENTS FOR USE AND EXAMPLES FOR COMPLETION OF FORM NO. 14, IN THAT THE BETTER VIEW OF THE CASE LAW HOLDS THAT THE TRIAL COURT CANNOT DO SO WITHOUT MAKING A SPECIFIC FINDING ON THE RECORD THAT IT WOULD BE UNJUST AND INAPPROPRIATE

---

1. We refer to the parties as "Husband" and "Wife." Statutory citations are to RSMo 2000; rule references are to Missouri Court Rules (2011).

2. We will affirm a judgment regarding child support unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Sarwar v. Sarwar*, 117 S.W.3d 165, 167–68 (Mo.App.2003).

FOR THE CUSTODIAL PARENT TO CLAIM THE EXEMPTIONS.

This "better view," as Wife puts it, is that these tax benefits must go to the custodial spouse unless the trial court expressly finds it unjust or inappropriate to do so. Wife cites a line of cases to this effect, including *Vaughn v. Bowman*, 209 S.W.3d 509 (Mo.App.2006); *Jarvis v. Jarvis*, 131 S.W.3d 894 (Mo.App.2004); *Vendegna v. Vendegna*, 125 S.W.3d 911 (Mo. App.2004); and *Conrad v. Conrad*, 76 S.W.3d 305 (Mo.App.2002). This district, in an earlier case, reached a different conclusion. *See In re Marriage of Eskew*, 31 S.W.3d 543, 550 (Mo.App.2000).[3]

■ Wife's problem is that appellate review is for prejudice, not mere error. *Pruett v. Pruett*, 280 S.W.3d 749, 751 (Mo. App.2009). Notwithstanding its *Conrad*, *Vendegna*, and *Jarvis* decisions, our western district has held that noncompliance with Form 14 directions is not reversible error unless the appellant is prejudiced thereby. *Sarwar*, 117 S.W.3d at 171.[4]

Here, Wife does not argue or suggest any prejudice, nor can we glean any from the scant record that she has provided. In fact, the indication is otherwise. In her post-trial motion, Wife represented to the trial court that her only income during the two-year history of litigation was unemployment benefits, which had expired; that she had been unable to obtain employment; and that her gross income was "zero." By contrast, Husband was earning an income, and apparently could benefit from the tax exemption, while Wife seemingly could not.

A judgment will not be reversed unless an appellant is prejudiced by an error that materially affected the merits of an action. *See* Rule 84.13(b); § 512.160. As appellant, it was Wife's obligation to show that she was entitled to appellate relief. She has not done so. We affirm the judgment.

BARNEY, J. and FRANCIS, P.J., Concur.

---

3. One commentator has described this as a district split. *See* 17A Mo. Prac., Civil Rules Practice § 88.01(b)–4, n. 18.55 (2011 ed.).

4. Jury instructions provide an analogy. The MAI system, like Form 14, is promulgated by our supreme court, includes comments on use, and is highly formalized. Yet MAI error is reversible error only if it is prejudicial.

*See, e.g., Sorrell v. Norfolk S. Ry. Co.*, 249 S.W.3d 207, 209 (Mo. banc 2008). Thus, members of this court recently advocated a prejudice-based analysis of § 452.377 noncompliance in child relocation cases. *See Abraham v. Abraham*, 352 S.W.3d 617, 622–24 (Mo.App.2011)(Bates, J., concurring, joined by Scott and Francis, JJ.).