**Michelle Suzanne PEARCY, Petitioner–Respondent,**

v.

**Michael Lee PEARCY, Respondent– Appellant.**

**No. 27114.**

Missouri Court of Appeals, Southern District, Division Two.

June 20, 2006.

Richard E. Bender, Springfield, for Appellant.

Susan S. Jensen, Pratt, Fossard, Jensen & Masters, L.L.C., Springfield, for Respondent.

KENNETH W. SHRUM, Presiding Judge.

In this dissolution of marriage case, Michael Lee Pearcy ("Husband") appeals that part of the divorce judgment ordering him to pay child support to Michelle Suzanne Pearcy ("Wife"). Husband alleges the trial court erred when it accepted and used Wife's lowest annual income amount for Form 14 purposes because Wife, via cross examination of Husband's expert, showed her reduced dividend income for 2004 (derived from her family's business) was an anomaly. Stated otherwise, Husband claims the evidence simply did not support the income amount attributed to

Wife; consequently, the child support amount was not supported by sufficient substantial evidence to affirm. This court agrees. We reverse and remand that part of the judgment awarding child support.

When a trial court orders child support per section 452.340, it must follow the dictates of Rule 88.01 and utilize Civil Procedure Form No. 14. *Neal v. Neal,* 941 S.W.2d 501, 504[7] (Mo.banc 1997). Although a court possesses broad discretion in ordering child support, any such award must be based on substantial evidence and not against the weight of the evidence. *In re Marriage of Crow and Gilmore,* 103 S.W.3d 778, 783 (Mo.banc 2003); *In re Marriage of Denton,* 169 S.W.3d 604, 606[13] (Mo.App.2005).

"We will not substitute our judgment for that of the trial court absent a manifest abuse of discretion, and we will not disturb an award of child support unless the evidence is 'palpably insufficient' to support it." *Holmes v. Holmes,* 878 S.W.2d 906, 909[2] (Mo.App.1994). An abuse of discretion occurs when the trial court's ruling was clearly against the logic of the circumstances and was so arbitrary and unreasonable as to shock one's sense of justice. *Laubinger v. Laubinger,* 5 S.W.3d 166, 181 (Mo.App.1999).

The only question presented here is the proper amount to use as Wife's income when calculating the Form 14. On that issue, the evidence showed the following.

At the time of the trial, Wife was 37 years old and had not worked during the 15–year marriage. She did have a job working for her mother at $8.00 per hour at the time of trial, but the store her mother owned was closing. Husband, on the other hand, was a pilot for Federal Express, earning roughly $10,000 per month. Wife's primary sources of income were dividends from stock in Superior Gearbox Company, a subchapter S corporation owned by Wife, her two brothers, her father, and her stepmother.

Wife testified to the following as accurate reflections of her annual dividend income from Superior Gearbox:(1) in 2001, $51,431.30; (2) in 2002, $82,438.40; (3) in 2003, $60,598.63; and (4) in 2004, $33,433.00. Wife also testified that through the first four months of 2005, she had received $65,000.

As part of Wife's cross-examination of Husband's financial expert, she characterized her reduced dividend payment from Superior Gearbox for 2004 as "an anomaly." Through this witness, Wife established that a tornado had struck the Superior Gearbox facility at Stockton, Missouri, on May 4, 2003. Wife then asked the expert if the tornado negatively affected the company financially and if so, was that why Wife's 2004 dividends were lower than what she received in other years. Husband's expert agreed that this was possible. Wife's apparent reason for showing her 2004 income reduction was an aberration was to counter any argument by Husband that she intentionally reduced income in anticipation of divorce proceedings.

The trial court rejected the Form 14 prepared by each party. The court also rejected income evidence from 2005 because it did not believe "the method of extrapolation in the future is reliable as to either [party's] income."[1] In ordering Husband to pay $853 per month for the two children, the court calculated its Form 14 using Wife's 2004 income figure, i.e., her lowest income amount of all the years

---

1. Both parties seemed to agree that income derived from the first four months of 2005 overstated their incomes as shown by previous years' earnings.

considered.[2]

Husband's first point maintains the trial court erred when it used the 2004 earnings because that "understated Wife's income as shown by the evidence." In the argument part of his brief, Husband correctly notes that the 2004 dividends paid were abnormally low. For instance, in 2004, only 17.6% of income made by the company was paid to the shareholders compared to 58.7% in 2003, 63% in 2002, and 61.8% in 2001. Wife does not dispute these facts.

■ The issue thus presented is whether the trial court abused its discretion when it chose to use Wife's lowest income figure in its Form 14 calculations. Stated otherwise, when, as here, the evidence shows that a particular year's earnings are an anomaly, should a trial court use that figure as representing an accurate indication of income for both the past and the future? We answer, "No."

■ It is well settled that courts should consider past, present, and anticipated earning capacity in determining child support amounts. *Thill v. Thill,* 26 S.W.3d 199, 207[21] (Mo.App.2000). Courts are "free to consider both ... past and present earnings to determine an average that [is] consistent with historical earnings and representative of future earnings." *Laubinger,* 5 S.W.3d at 179[27]. As aptly stated, "past earnings history is indicative of present earning capacity." *Thill,* 26 S.W.3d at 207[18].

■ On the other hand, a trial court may choose to ignore income history and look at income from only one year *if it finds that amount to be the most accurate predictor of a parent's income. Laubinger,* 5 S.W.3d at 179[27]; *Samples v. Kouts,* 954 S.W.2d 593, 598[12] (Mo.App.1997).

As a general statement, when one year's earnings appear to be an anomaly or aberration, the trial court should not use that year as the sole basis for determining a parent's income per Form 14. *See In re Marriage of Spence,* 943 S.W.2d 373, 379–80 (Mo.App.1997).

In *Spence,* the trial court determined the husband's income to be $19,800 annually. *Id.* at 379. This was apparently based on historical averages, i.e., the average of what he normally earned each year. The trial court used this lower average annual earning figure even though the husband earned $80,000 in 1993, earned $2500 per month for several months in 1994, and was earning $2500 per month at the time of his deposition. *Id.* The anomalous time periods (1993 and certain months in 1994) were rejected as inaccurate predictors of present earning capacity. *Id.* The Husband testified that his income for 1995 would return to historical levels, i.e., between $18,000 and $20,000. The appellate court found that the evidence did not support the wife's claim that the husband could earn $2500 per month. *Id.* at 379–80.

■ We find the *Spence* case sufficiently analogous to be instructive here. In *Spence,* the evidence was insufficient to support using income levels from an anomalous period as the figures were much too high. Here, the evidence is insufficient to support using the aberrational year of 2004 as the figures are much too low. Wife's 2004 income was $30,000 less per year than the average amounts earned from 2001–03. Moreover, the income she had earned in the first four months of 2005 showed that 2004 was not an accurate predictor of her present earning capacity. Finally, we note that Wife essentially admit-

2. In her brief, Wife correctly notes that the court found her income in 2004 to be $34,428 instead of $33,433 as the evidence showed, but this was harmless error in Husband's favor.

ted that the lower amount income received in 2004 was an anomaly.

We also find *Thill* instructive. There, the husband attempted to use a five-year historical averaging to show his present and future earning capacity. The husband's annual income for the earliest years—when the husband's business was just getting started—was $70,000. However, in 1997 (which was husband's most recent income year) he earned $215,414. The husband had presented and the court adopted an income calculation based on averaging the husband's income from his tax returns over a period of five years. *Id.* at 206. On appeal, the western district reversed the child support award. *Id.* at 209. In doing so, it noted (a) there was no testimony that the 1997 tax year income was an aberration; (b) the substantial increases in the husband's income over relevant years appeared to roughly parallel the growth in the husband's various business interests over that time; and there was no testimony the husband had a realistic and reasonable expectation that his income in future years would be less than in 1997. *Id.* at 207. With those observations, the *Thill* court held that, although averaging of income historically is appropriate, it was not proper in that case because of the evidence that it did not reflect current earning capacity. *Id.* at 207[22].

 Applying the logic and reasoning of *Thill*, we hold it was not proper and was an abuse of discretion for the trial court to use evidence of income that did not reflect Wife's current or future income expectations. Unlike *Thill*, there is evidence here that Wife's lowered dividend income for 2004—which the trial court used as Wife's Form 14 income estimate—was an anoma-

ly. Wife's current earnings (albeit for only the first four months of 2005) confirmed that 2004 was simply an anomaly and the most accurate predictor of Wife's income expectations would be what she had historically received.

 One way to deal with the aberrational income figure for 2004 would be to simply ignore it. *Id.; Spence,* 943 S.W.2d at 379–80. Also, the trial court could average the previous three year's (2002–04) income amounts and use that figure as present and future income prediction for Wife. *Ricklefs v. Ricklefs,* 39 S.W.3d 865, 875 (Mo.App.2001)(three year averaging method in imputing income cases); *Thill,* 26 S.W.3d at 207. These methods are not exclusive. The point is that, whatever income figure is used, this figure must be the most accurate figure of income expectation. *Laubinger,* 5 S.W.3d at 179; *Samples,* 954 S.W.2d at 598; *Spence,* 943 S.W.2d at 379–80.

We find that the figure used for Wife's income on the Form 14 was not indicative of her past, present, and future income sources. The trial court abused its discretion in awarding child support because the evidence did not support using Wife's 2004 income figure on Form 14. *Crow,* 103 S.W.3d at 783.[3]

The judgment is reversed as to the child support issue and the case is remanded for further proceedings consistent with this opinion.[4] In all other respects, the judgment is affirmed.

BARNEY, J., and BATES, C.J., concur.

---

3. Husband's second point also challenges the child support part of the judgment. Our decision under Point I makes it unnecessary that we address Point II.

4. On remand, the trial court is free to consider additional evidence, including the parties' incomes since the case was first tried.