Terri L. **BEERMANN**, Respondent,

v.

Jeffrey L. **JONES**, Appellant.

**WD 79833**

Missouri Court of Appeals, Western District.

OPINION FILED: July 25, 2017

---

R. Gregory Harrison, Liberty, MO, for Appellant.

Christina Gondring, Kansas City, MO, for Respondent

Before Division One: James Edward Welsh, P.J., Lisa White Hardwick, and Gary D. Witt, JJ.

James Edward Welsh, Presiding Judge

Jeffrey L. Jones appeals the circuit court's judgment modifying his child support obligations for his son. Jones asserts two points on appeal. First, he contends that the circuit court erred in ordering a retroactive increase in his child support for the time periods of January 1, 2015, to August 30, 2015, and September 1, 2015, to beyond October 18, 2015, because the circuit court did not have discretion to retroactively modify child support for the time before the filing of his ex-wife's counter-motion to modify child support and service of summons. Second, he claims that the circuit court erred in ordering a retroactive increase of child support commencing on September 1, 2015, and continuing beyond the date of judgment because the circuit court failed to consider whether there was any duplication or redundancy of expenses covered by the child support payment and failed to consider the child's own ability to support himself. We affirm in part and reverse in part.

The marriage of Jones and Terri L. Beermann was dissolved in November 1998. Jones and Beermann have one child, a son born in 1997. Pursuant to terms of a previous modification judgment, Jones agreed that he would pay 100 percent of his son's college expenses.

On January 16, 2015, Jones filed a motion to modify his child support obligation. In his motion he sought a reduction in his child support of $560 because he claimed that the incomes of the parties had changed and because the child would be attending college and he would be paying 100 percent of the child's college expenses. On April 22, 2015, Beermann filed a "Motion and Application to Hold Respondent in Contempt of Court, or, in the Alternative, Motion to Enforce the November 14, 2008, Judgment and Decree of Modification Regarding Reimbursement for the Cost of Non-Covered Medical Expenses; Extraordinary Expenses; and College Expenses." On October 9, 2015, Beermann filed a counter-motion to modify child support. Beermann sought an increase in Jones's child support because she claimed that the child was spending more time with her or at college, that Jones's income had increased, that the child's expenses had increased, and that she had paid most of the child's direct expenses. On January 27, 2016, the circuit court held a trial.

The evidence at trial established that the parties' son started college in late August or September 2015 at the University of Missouri. Pursuant to the terms of a modification judgment in 2001, Jones agreed to pay 100 percent of his son's college expenses. For his prior military service, Jones had available to him a post-

9/11 GI Bill, which entitled him to receive financial benefits paying 80 percent of college expenses. Pursuant to the terms of the post-9/11 GI Bill, Jones was able to transfer these benefits to his son. Thus, after the payments from the post-9/11 GI Bill, Jones was responsible for paying the remaining 20 percent of his son's college expenses, which amounted to $4,355.

At trial, Jones submitted a Form 14, which showed his monthly income as $11,835, Beermann's monthly income as $11,030, $96 as the cost of health insurance provided by Beermann for the child, and a presumed child support amount of $1,006 monthly.

Jones presented two options for the circuit court to consider regarding his child support obligation. First, he requested that the court reduce his Form 14 amount by his monthly out-of-pocket contribution of $363 for his son's college expenses and by a monthly amount of $484, which represented the amount that Jones felt his son should be required to pay for his own support. In other words, Jones requested that the circuit court set his monthly child support amount at $158.[1]

For the second option, Jones requested that the circuit court consider utilizing the Form 14 amount of $1,006 for a period of 4 months, which represented the months during which his son would presumably reside at Beermann's residence during summer, winter, and holiday breaks for a total of $4,024, and prorate that amount for 12 months for a monthly child support obligation of $335 per month, which would be in addition to his obligation to pay his son's college expenses.

Jones testified that his child support obligation should be reduced because he is paying 100 percent of his son's college expenses and asked that the reduced child support payments be retroactive to the beginning of the fall 2015 school year.

Beermann testified that her son would be at school 63.8 percent of the time and that the remaining time her son would live with her. Beermann said that she believed that the variable expenses portion of the child support should be reduced by 63.8 percent because of the time that her son would be living at college and not with her. Although Jones testified that he had received information that his son would be leasing an apartment and not going home to live with Beermann for the summer, Beermann said that her son was going to sub-let the apartment and return home to live with her for the summer. Beermann said that her son was "absolutely" planning on being home during the summer.

On June 29, 2016, the circuit court entered its amended judgment. The circuit court adopted Jones's Form 14 and found that the presumed child support amount of $1,006 for the time period from January 1, 2015, to August 30, 2015, was just and appropriate.

For the time period from September 1, 2015, to December 21, 2015, the circuit court found that it should deviate from the presumed child support amount of $1,006, which the court found to be unjust and inappropriate due to the minor child's attendance at college. In particular, the circuit court found:

> [T]he record indicates the child will be provided with his meals while residing at college, which will certainly reduce, but not eliminate, [Beermann's] need for child support during such periods. The record does not support a total abatement of child support while the child is

---

1. Jones's exhibit erroneously listed the Form 14 presumed child support amount as $1,005 rather than $1,006.

attending school. [Beermann] must still provide a home for the child on weekends, holidays and summer breaks and the child's needs for clothing, school supplies, recreation, car insurance and maintenance and similar expenses will be undiminished and perhaps increased.

The court found that the child's duplicated fixed expenditures and non-duplicated fixed expenditures would not change due to the child's attendance at college but found that the cost to Beermann for the child's variable expenditures would decrease. Because the child was at college approximately 63.8 percent of the year, the court concluded that the portion of child support designated for the child's variable expenditures should decrease 63.8 percent. Thus, of the $1,006 presumed child support amount, the court found that 38 percent or $382.28 is designated for the child's variable expenses[2] and concluded that the $382.28 should be reduced by 63.8 percent (or $244) to compensate for the period when the child was at college. The circuit court, therefore, ordered that the presumed child support amount of $1,006 should be reduced by $244 and that Jones pay child support in the amount of $762 from September 1, 2015, to December 31, 2015.

For child support commencing after January 1, 2016, the circuit court found that it should deviate from the presumed child support amount of $1,006, which the court found to be unjust and inappropriate for the same reasons as it found in regard to the support from September 1, 2015, to December 31, 2015, in regard to variable expenditures. The court ordered that Jones pay child support in the amount of $762 commencing after January 1, 2016. Jones appeals.

"In determining an award of child support in any proceeding, § 452.340.8 and Rule 88.01 require the trial court to follow the two-step procedure set forth in *Woolridge v. Woolridge*, 915 S.W.2d 372, 379 (Mo. App. W.D. 1996)." *Dodge v. Dodge*, 398 S.W.3d 49, 51 (Mo. App. 2013) (citation and internal quotation marks omitted). "First, the court must determine and find for the record the [presumed child support amount]; in accordance with Form 14." *Id.* (citation and internal quotation marks omitted). "Second, the court, after considering all relevant factors, must determine whether to rebut the [presumed child support amount] as being unjust or inappropriate." *Id.* (citation and internal quotation marks omitted). "Our review of ... [the] award of child support is essentially one of the trial court's application of the two-step ... procedure, applying the standard enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)." *Dodge*, 398 S.W.3d at 51 (citation and internal quotation marks omitted). Thus, we review the award in light of the circuit court's application of the two-step procedure to insure that it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. *Id.* at 51-52. If this standard is met, we then review the circuit court's rebuttal review of its presumed child support determination for an abuse of discretion. *Id.* at 52. "[W]e will interfere with the trial court's award only if the trial court abused its discretion by ordering an amount that is against the logic of the circumstances or arbitrary or unreasonable." *Id.* (citation and internal quotation marks omitted).

In his first point on appeal, Jones contends that the circuit court erred in

---

**2.** *See* Form 14 Calculation Assumption No. 12: "Variable expenditures are child-related expenditures that vary directly with the amount of time a child spends with each parent, such as food. It has been assumed that variable expenditures represent 38% of the basic child support amount."

ordering a retroactive increase in his child support for the time periods of January 1, 2015, to August 30, 2015, and September 1, 2015, to beyond October 18, 2015. In particular, Jones asserts that, because Beermann filed her counter-motion to modify child support seeking an increase in Jones's child support obligation on October 9, 2015, the circuit court did not have discretion to retroactively modify child support for the time before the filing of Beermann's counter-motion to modify child support and service of summons. We agree.

 "A trial court has no authority to modify child support retroactive to a date before the filing of the motion to modify and service of summons." *Lueckenotte v. Lueckenotte*, 34 S.W.3d 387, 398 (Mo. banc 2001) (citation and internal quotation marks omitted). Indeed, section 452.340.1, RSMo Supp. 2014, provides: "In a proceeding for ... child support, the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for the support of the child, including an award retroactive to the date of filing the petition[.]" Section 452.370.6, RSMo 2016, further instructs, "The order may be modified only as to support ... which accrued subsequent to the date of personal service." Caselaw is equally clear that, "[w]hen the parties file cross-motions to modify and the prevailing party filed the later motion, it is error to award retroactive child support to the date of the motion filed by the party who did not prevail." *In re Marriage of McDaniel*, 419 S.W.3d 828, 836 (Mo. App. 2013); *Klein v. Klein*, 475 S.W.3d 194, 200 (Mo. App. 2015); *Lokeman v. Flattery*, 146 S.W.3d 422, 430 (Mo. App. 2004).

In this case, the circuit court in its judgment acknowledged that it had authority to modify child support on a retroactive basis but only as to support which accrued subsequent to the date of personal service. In ordering that the child support be retroactive, the circuit court looked only to the date that Jones filed his motion for modification (January 16, 2015) and the date that Beermann was served with Jones's motion for modification (January 20, 2015). The circuit court, however, did not address the impact of Beermann's filing a counter-motion to modify child support on October 9, 2015, and service of that counter-motion to modify on Jones on that same date. In her counter-motion to modify, Beermann sought an increase in Jones's child support because she claimed that the child was spending more time with her or at college, that Jones's income had increased, that the child's expenses had increased, and that she had paid most of the child's direct expenses.

Contrary to what Beermann asserts, she was the prevailing party on her counter-motion to modify. Beermann attempts to argue that, because Jones's evidence and testimony recommended that the presumed child support amount be set at $1,006 and because the circuit court adopted said presumed child support amount, Jones was the prevailing party. We disagree.

 "When establishing the presumed child support amount, the court may accept a Form 14 offered by one of the parties or reject the Form 14 calculations of the parties and prepare its own." *Shields v. Epanty*, 503 S.W.3d 227, 231 (Mo. App. 2016). In finding the presumed child support amount of $1,006 for the time period from January 1, 2015, to August 30, 2015, the circuit court adopted Jones's Form 14 without reduction and found that the presumed child support amount was just and appropriate. As to the presumed child support amount for the time period from September 1, 2015, to beyond October 19, 2015, the circuit court found that it should deviate from the presumed child

support amount of $1,006, which the court found to be unjust and inappropriate due to the minor child's attendance at college.

The circuit court's adoption of Jones's presumed child support amount of $1,006 did not make Jones the prevailing party in this case. In his petition for modification, Jones claimed that there had been a change in circumstances so substantial and continuing in nature as to make the terms of the original judgment and decree of dissolution of marriage and subsequent modifications unreasonable. In particular, Jones alleged:

 a. That the income of both parties has changed to such an extent as to justify a reduction in [his] child support obligation; and/or

 b. That the minor child is to begin college and, as such, [Jones's] expenses will go up and as such, his payment of college expenses should be taken into account in the calculation of his presumed child support amount.

At trial, Jones testified that the Form 14 that he put into evidence did not take into account "the essence" of his case, in that it did not take into account college expenses and what he paid for his son. Jones presented two options for the circuit court to consider regarding how that presumed child support amount should be reduced. Jones testified that his child support obligation should be reduced because he is paying 100 percent of his son's college expenses and asked that the reduced child support payments be retroactive to the beginning of the fall 2015 school year. Contrary to what Beermann asserts the record is not silent as to Jones's desired commencement date of the presumed child support amount. The evidence establishes that Jones was asking that his child support payment be reduced from $560 to either $335 a month or $158 a month once his son started college. Under these circumstances, it cannot be said that Jones was the prevailing party.

Thus, as we previously noted, "[w]hen the parties file cross-motions to modify and the prevailing party filed the later motion, it is error to award retroactive child support to the date of the motion filed by the party who did not prevail." *McDaniel*, 419 S.W.3d at 836. Beermann filed her counter-motion to modify child support on October 9, 2015, and served her motion on Jones on that same date. Because Beermann was the prevailing party, the circuit court was permitted to modify child support retroactive only to October 9, 2015.

█ In his second point on appeal, Jones contends that the circuit court erred in ordering a retroactive increase of child support commencing on September 1, 2015, and continuing beyond the date of judgment because the circuit court failed to consider whether there was any duplication or redundancy of expenses covered by the child support payment and failed to consider the child's own ability to support himself. We disagree.

█ Jones argues that the circuit court did not take into account any redundancy for the child's housing expenses that Jones would have to pay as a result of paying a monthly child support obligation and 100 percent of the child's college expenses.[3]

---

3. In his point relied on, Jones also complains that the circuit court erred in ordering him to pay $762 per month in child support because he was also ordered to continue paying 50 percent of the child's uncovered medical expenses, and the circuit court failed to consider whether there was an duplication or redundancy of expenses covered by the child

support payment and failed to consider the child's own ability to support himself. Jones, however, fails to develop this contention in the argument portion of his brief. " 'Arguments raised in the points relied on which are not supported by argument in the argument portion of the brief are deemed abandoned

Although Jones acknowledges that the circuit court did include a reduction for variable expenses which would be reduced because the child was no longer living day-to-day with Beermann, he contends that the circuit court did not address duplication of housing expenses which would be created by the child residing at college.

■■■ Jones correctly notes that caselaw instructs that the payment of college expenses by a parent can render an existing child support decree unreasonable and that a child support order should not include "a redundancy for [a child's] living expenses" already paid for by the parent in the college expenses. *Gordon v. Gordon*, 924 S.W.2d 529, 536 (Mo. App. 1996). Despite Jones's contentions to the contrary, however, Beermann must still provide a home for the child. The Assumptions for Form 14 state that "duplicated fixed expenditures" are "child-related expenditures that do not vary with the amount of time a child spends with each parent but are incurred by both parents, such as housing." As acknowledged by this assumption, housing is a duplicated fixed expenditure. Although Beermann's need for child support would indeed decrease to the extent that the college would be furnishing meals for the child while he lived at school, Beermann must still provide a home for the child on weekends, holidays, and summer breaks. *Smith v. White*, 114 S.W.3d 407, 414 (Mo. App. 2003).

■■■ The circuit court took into account that the cost to Beermann for the child's variable expenditures would decrease due to the child being at college but found that the child's duplicated fixed expenditures and non-duplicated fixed expenditures would not change due to the child's attendance at college. The circuit court, therefore, correctly decreased the child's variable expenditures by the percentage of time that the child would be living at college. To the extent that Jones argues that the circuit court should have rejected Beermann's testimony regarding the percentage of time that the child would reside at school and the percentage of time that the child would reside with her, we note that matters of credibility are for the circuit court. "A trial court is free to believe or disbelieve all, part or none of the testimony of any witness." *Dawson v. Dawson*, 366 S.W.3d 107, 112 (Mo. App. 2012) (internal quotation marks and citation omitted). "We defer to the trial court's determination of the credibility of the witnesses." *Id.*

The same is true in regard to Jones's contention that the circuit court failed to consider the child's ability to work and to provide for some of his own expenses. Although Jones testified that the child should work while attending college, Beermann testified that the child did not have time to work while in college. We defer to the circuit court on matters of credibility. *Id.*

We, therefore, reverse the circuit court's judgment to the extent that it awarded a new child support amount retroactive for the time period from February 1, 2015,[4] to August 20, 2015, and from September 1, 2015, and beyond. We remand to the circuit court to enter a judgment ordering the new child support amount of $762 retroactive only to October 9, 2015. On remand, the court may determine whether Jones is entitled to an adjustment for over-

and present nothing for appellate review.' " *Sugar Ridge Props. v. Merrell*, 489 S.W.3d 860, 870 (Mo. App. 2016).

4. Although the circuit court found that the presumed child support amount of $1,006 was just and appropriate for the time period from January 1, 2015, to August 30, 2015, the circuit court found that "the earliest date upon which child support might be retroactively modified is February 1, 2015."

payment due to the erroneous retroactivity date. *Klein,* 475 S.W.3d at 200.

All concur.